United States District Court
Southern District of Texas
ENTERED
November 03, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JOSE M. ROMERO RANGEL, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-7798 |
| | § | |
| RAYMOND THOMPSON, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Jose M. Romero Rangel ("Petitioner"), a citizen of Mexico, entered the United States without inspection in 2002.[1] On April 13, 2026, Petitioner was taken into immigration custody.[2] Petitioner has been served with a Notice to Appear, charging him with inadmissibility pursuant to § 212(a)(6)(A)(i) of the Immigration and Nationality Act.[3] On August 14, 2026, an immigration judge granted cancellation of removal for nonpermanent residents under § 240A(b)(1) of the Immigration and Nationality Act.[4] The Department of Homeland Security has appealed the decision of the immigration judge.[5] Petitioner remains in immigration custody.[6]

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, p. 9 ¶ 43; Motion to Stay and in the Alternative, Motion to Dismiss and/or for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 7, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Habeas Petition, Docket Entry No. 1, p. 9 ¶ 48.

[3]Respondents' MSJ, Docket Entry No. 7, p. 2.

[4]Id. at 3.

[5]Id.

[6]Id.

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process.[7] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 7). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[8] Petitioner has filed a reply.[9]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2) until the conclusion of his removal proceedings. Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). As explained by the Fifth Circuit in Rodriguez v. Vergara, No. 26-50183, 2026 WL 3181188 (5th Cir. Oct. 23, 2026) (en banc), this mandatory detention does not violate substantive or procedural due process.

For the reasons explained above, Respondents' Motion for Summary Judgment (Docket Entry No. 7) is **GRANTED,** and Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 3rd day of November, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

[7]Habeas Petition, Exhibit 1 to Civil Cover Sheet, Docket Entry No. 1-1, pp. 17-19 ¶¶ 82-92.

[8]Respondents' MSJ, Docket Entry No. 7, pp. 1-2.

[9]Petitioner's Reply to Respondent's Answer, Respondents' Motion to Stay and in the Alternative, Motion to Dismiss and/or for Summary Judgment, Docket Entry No. 8.